Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 15-13475-ABL |
| Erick Allan Lindgren, | Chapter 11 |
| Debtor. | Hearing Date: June 30, 2015 |
| | Hearing Time: 9:30 a.m. |

**MOTION FOR AN ORDER COMPELLING RIO ALL SUITES HOTEL
AND CASINO FOR TURNOVER OF PROPERTY OF THE ESTATE**

Erick Allan Lindgren, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through his attorneys, Schwartz Flansburg PLLC ("**SF**"), hereby submits this Motion (the "**Motion**") for an order compelling the Rio All Suites Hotel and Casino (the "**Rio**") to turnover monies due to the Debtor from poker tournament earnings pursuant to sections 542 and 549 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "**Bankruptcy Code**"). In support of this Motion, the Debtor respectfull states as follows:

**Background**

1. On June 16, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of 11 U.S.C. §§ 101, *et seq*. (as amended, the "**Bankruptcy Code**"). The Debtor continues to operate his business as a debtor-in-possession.

2. Prior to the Petition Date, on or around June 5, 2015, the Debtor won a poker

tournament at the Rio, entitling him to approximately $193,000.00 in winnings (the "**Funds**").

3. The Rio did not immediately disburse the funds to the Debtor, however, due to a pending garnishment against him.

4. Shortly after the Debtor's Chapter 11 filing, undersigned counsel for the Debtor contacted both the Rio and the Las Vegas constable regarding the bankruptcy filing, the automatic stay, and the fact that the Funds are now property of the Debtor's bankruptcy estate. Accordingly, undersigned counsel demanded that such Funds be immediately turned over to the Debtor to be deposited into his debtor-in-possession account.

5. As of the date hereof, the Rio has failed to remit the Funds to the Debtor and recently indicated it could take up to ten (10) days to do so.

## **MEMORANDUM OF LAW**

6. Upon the filing of a bankruptcy case, an estate is created. 11 U.S.C. § 541(a). The estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

7. The Seventh Circuit stated that "every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative, is within the reach of § 541." In re Yonikus, 996 F.2d 866 (7th Cir. 1993). The Supreme Court stated that "property interests are created and defined by state law." Butner v. United States, 440 U.S. 48, 99 S.Ct. 914 (1979).

8. Pursuant to section 542 of the Bankruptcy Code, a party holding property of the estate has a mandatory duty to turn over such property to the debtor upon the filing of bankruptcy. In re Del Mission Ltd., 98 F.3d 1147, 1151 (9th Cir. 1996). Importantly, this Circuit holds that the onus to

return property of the estate is on the party holding such property, and not on the debtor to pursue such property. Id. at 1151.

9. Under Section 549 of the Bankruptcy Code, a debtor or trustee may avoid a transfer "(1) that occurs after the commencement of the case; and ... (2) ... (B) that is not authorized under this title or by the court. If a trustee seeks to recover a postpetition transfer under section 549 . . . . the trustee must show that a transfer occurred after the filing of the bankruptcy petition and that the transfer was not authorized by either the bankruptcy court or the [Bankruptcy] Code." In re Straightline Investments, Inc., 525 F.3d 870, 877 (9th Cir. 2008)(internal citations omitted).

10. Simply put, in this case, the Funds currently being held by the Rio are property of the Debtor's bankruptcy estate. Accordingly, the Rio must immediately turnover these funds to the Debtor.

11. Finally, the Debtor has incurred attorneys' fees and costs in the preparation and prosecution of this Motion and should be reimbursed by the Rio for such fees and costs incurred.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) compelling the Rio to turnover the Funds due and owing to the Debtor; (ii) awarding the Debtor fees and costs for the preparation and prosecution of this Motion; and (iii) granting such other relief the Court deems just and proper.

Dated this 22nd day of June, 2015.

Respectfully Submitted,

/s/Samuel A. Schwartz_____
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on June 22, 2015, to the following:

U.S. TRUSTEE - LV - 11   USTPRegion17.lv.ecf@usdoj.gov

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Regular U.S. Postal Mail on June 22, 2015 to the following:

Christine Chang, Esq.
RIO All Suites Las Vegas Hotel & Casino
c/o Caesars Entertainment
1 Caesars Palace Drive
Las Vegas, NV  89109

Christine Chang. Esq.
RIO All Suites Las Vegas Hotel & Casino
3700 W. Flamingo Road
Las Vegas, NV  89103

                                                                     /s/  Janine Lee
                                                                       Janine Lee