Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No. 15-13475-ABL |
| | ) |
| Erick Allan Lindgren, | ) Chapter 11 |
| | ) |
| Debtor. | ) Interim Hearing Date:  OST Pending |
| | ) Interim Hearing Time:  OST Pending |
| | ) |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 506, AND RULE 4001(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR THE ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH, INCLUDING CASH COLLATERAL**

The above captioned debtor and debtor-in-possession in the above captioned matter (the "**Debtor**"), files this motion (the "**Motion**") pursuant to sections 105, 361, 362, 363, and 506 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the entry of an order (i) authorizing the Debtors' use of cash, which may comprise cash collateral, and (ii) granting related relief.  In support of the Motion, the Debtor represents as follows:

**Jurisdiction**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

**Background**

3. On June 16, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate his business and manage his property as a debtor-in-possession. No creditors committee has been appointed in these cases by the United States Trustee.

5. The Debtor is a professional poker player residing in Las Vegas, Nevada. Specifically, a quick internet search reveals that the Debtor has won $10,203,245 in career earnings, is ranked 19th on the United States all time money list for poker winnings, is ranked 5th on the Nevada all time money list for poker winnings, and is ranked as the 79th best poker player in the world.

6. The Debtor often plays in poker tournaments at the Rio All Suites Hotel and Casino in Las Vegas, Nevada (the "**Rio**"), including the upcoming World Series of Poker. Prior to the Petition Date, however, the Rio did not turn over certain poker winnings to the Debtor due to pending garnishments against him.

7. The Debtor does not believe he has any secured creditors who may claim a security interest in his cash, including cash collateral, but files this Motion to obtain court authority to use his cash, including any cash collateral, in accordance with the Debtor's proposed budget (the "**Budget**"), attached hereto as **Exhibit A**.

**Relief Requested**

8. The Debtor seeks entry of an order (i) authorizing the Debtor's use of cash and revenues, whether or not such assets constitute Cash Collateral, and (ii) granting related relief. Specifically, the Debtor proposes that the Court authorize the use of cash collateral in

2

accordance with the proposed Order, attached hereto as **Exhibit B**, which, in summary, provides for the following:

- The Debtor may use cash, including any cash collateral, in accordance with the Budget, provided, that for any expenditure line item provided in the Budget in any given month, the Debtor may use cash collateral in excess of such amount set forth in the Budget, so long as the percentage of deviation for all expenditures during such month shall not exceed 15%, in the aggregate, of the total amount set forth in the Budget for all expenditures.

- The Budget provides for the payment of (i) post-petition operating expenses and expenses of administrating the Chapter 11 Case including, mainly, costs and expenses necessary to maintain and operate the Debtor's business and other expenses in respect of the Debtors' day-to-day lives, (ii) the Debtor's accrued and unpaid costs, fees and expenses incurred by the Debtor's retained professionals with respect to the administration of the Chapter 11 Case and (iii) any unpaid fees due and payable to the Clerk of the Court and the United States Trustee pursuant to 28 U.S.C. § 1930 (the **"Carve-Out"**);

## Basis for Relief

**The Proposed Use of Cash Collateral Is Appropriate and Should Be Authorized**

9. The Court should authorize the Debtor to use his cash, including any cash collateral, whether such cash collateral exists as of the Petition Date or arises thereafter. It is essential to the continued operation of the Debtor's personal life, and the maintenance of his business, that the Debtor obtains authority to use cash, for payment of estate taxes, insurance premiums, utilities, living expenses and to fund the cost of administering his Chapter 11 Case. The Debtor will maintain a detailed accounting of all expenses funded by his cash, including any cash collateral, generated by him through the filing of his monthly operating reports.

10. If the Debtor is permitted to use his cash, including any cash collateral, to fund ongoing business and living expenses, and administration of these Chapter 11 cases, the Debtor currently projects that ordinary and anticipated cash flows will be able to cover expenses for

3

the foreseeable immediate future. In fact, on June 5, 2015, the Debtor placed seventh in a poker tournament at the Rio and expects to receive approximately $193,000 any day. Thus, the Debtor can continue to run their life successfully, but only if he is allowed to use his cash, including cash collateral (if any), in the course of his day-to-day living and to fund the administration of his Chapter 11 case. Without such use, the detrimental result to the estate will be rapid and likely disastrous.

11. Section 363(c)(2) of the Bankruptcy Code sets forth the requirements for a debtor's proposed use of cash collateral, and provides, in pertinent part that:

> [t]he trustee [or debtor in possession] may not use, sell, or lease cash collateral … unless –  (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).[1]

12. Section 105(a) of the Bankruptcy Code also allows that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The Debtor respectfully submits that the proposed use of cash, including any cash collateral, is necessary to preserve the Debtor's personal life during these Chapter 11 cases, and will avoid immediate and irreparable harm to the Debtor's estate and creditors. Such use prejudices no one; it affirmatively and directly

---

[1] Section 363(a) of the Bankruptcy Code defines "cash collateral" as:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property . . . subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title[.]

11 U.S.C. § 363(a).

benefits the estate and creditors by enhancing the prospects of a successful outcome of this Chapter 11 case.

13. Additionally, section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee [or debtor in possession], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Examples of adequate protection are provided in section 361 of the Bankruptcy Code and include, but are not limited to: (1) "periodic cash payments" to the extent that such use "results in a decrease in value of such entity's interest in the property;" (2) "additional or replacement lien[s] to the extent that the use [of cash collateral] will cause a decrease in the value of such entity's interest in the property;" and (3) "granting such other relief … as results in the realization by the entity of the indubitable equivalent of such entity's interest in the property." 11 U.S.C. § 361. Here, the Debtor submits that his only secured creditors are the lenders holding first priority liens on his vehicles, all of which have equity cushions. Those secured creditors are current post-petition, and the Debtor intends to maintain those payments. The Debtor submits there are no other secured creditors to protect.

14. Moreover, the relief requested in this Motion is appropriate under section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

## **Notice**

15. The Debtors will provide notice of this Application by regular mail and, when possible, electronic mail or facsimile to: (a) the U.S. Trustee; (b) the entities listed on the List

5

of Creditors Holding the 20 Largest Unsecured Claims; and (c) certain governmental agencies including the Internal Revenue Service, the United States Attorney's Office, the Clark County Assessor, the Clark County Treasurer and the Nevada Department of Taxation.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

16. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein, including: (i) authorizing the Debtor's use of cash, including any cash collateral, pursuant to the terms of the Order; and (ii) granting the Debtor such other relief as the Court deems just and proper.

Dated this 24th day of June, 2015.

Respectfully Submitted,

/s/ Samuel A. Schwartz, Esq.
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on June 24, 2015, to the following:

U.S. TRUSTEE - LV - 11   USTPRegion17.lv.ecf@usdoj.gov

ROBERT R. KINAS on behalf of Creditor RATIONAL FT ENTERPRISES LIMITED
rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;bgriffith@swlaw.com;docket_las@swlaw.com;cgianelloni@swlaw.com;nkanute@swlaw.com;jvelarde@swlaw.com

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Regular U.S. Postal Mail on June 24, 2015 to the following:

| | |
|---|---|
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | State of Nevada Dept. of Motor Vehicles<br>Attn: Legal Division<br>555 Wright Way<br>Carson City, NV 89711 |
| Clark County Treasurer<br>c/o Bankruptcy Clerk<br>500 S Grand Central Parkway<br>PO Box 551220<br>Las Vegas, NV 89155-1220 | Ally Financial<br>200 Renaissance Center<br>Detriot, MI 48243 |
| Clark County Assessor<br>c/o Bankruptcy Clerk<br>500 S Grand Central Pkwy<br>Box 551401<br>Las Vegas, NV 89155-1401 | Ally Financial<br>P.O. Box 951<br>Horsham, PA 19044<br><br>Amaya Gaming<br>c/o Ifrah Law, PLLC<br>1717 Pennsylvania Ave. NW<br>Washington, DC 20006 |
| Dept of Employment, Training and Rehab<br>Employment Security Division<br>500 East Third Street<br>Carson City, NV 89713 | Andy Bloch<br>64 Promontory Ridge<br>Las Vegas, NV 89135 |
| United States Trustee<br>300 Las Vegas Blvd. South #4300<br>Las Vegas, NV 89101 | Bill Elder<br>2015 Lookout Point Circle<br>Las Vegas, NV 89117 |
| Nevada Dept of Taxation, BK Section<br>555 E. Washington Ave. #1300<br>Las Vegas, NV 89101 | |

| | |
|---|---|
| Cary Katz<br>10100 W. Charleston Blvd.<br>Suite 130<br>Las Vegas, NV 89138 | John D'Agostino<br>6 Villanova Court<br>Egg Harbor Township, NJ 08234 |
| CS RMR, LLC<br>c/o Frank Perez, Esq.<br>McCullough, Perez & Associates, Ltd.<br>601 S. Rancho Drive, A-10<br>Las Vegas, NV 89101 | Matt Woodward<br>P.O. Box 867<br>CA 90340 |
| | Max Weinberg<br>1637 Braeside Lane<br>Northbrook, IL 60062 |
| Erica Lindgren<br>1667 Tangiers Court<br>Henderson, NV 89012 | Nick Van NewKirk<br>240 East Illinois #2011<br>Chicago, IL 60611 |
| Gabriel Hunterton<br>20 Hawkridge Drive<br>Las Vegas, NV 89135 | Ocwen Loan Servicing<br>12650 Ingenuity Dr<br>Orlando, FL 32826 |
| Jason Mercier<br>511 SE 5th Avenue, #250<br>Fort Lauderdale, FL 33301 | CS RMR, LLC<br>c/o Leonard E. Schwartzer, Esq.<br>2850 South Jones Blvd., Ste. 1<br>Las Vegas, NV 89146-5308 |

/s/ Janine Lee
    Janine Lee